IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROSE M. DINKINS, 00-4613,      )
    Petitioner,                )
                               )
            v.                 )      2:12-cv-1314
                               )
SUPT. SCI MUNCY, et al.,       )
    Respondents.               )

MEMORANDUM and ORDER

Mitchell, M.J.:

    Rose M. Dinkins, an inmate at the State Correctional Institution at Muncy has presented a petition for a writ of habeas corpus. For the reasons set forth below, the petition will be dismissed and because reasonable jurors could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

    Rose M. Dinkins has presented a petition for a writ of habeas corpus. Dinkins is presently serving a life plus a concurrent ten to twenty year sentence imposed following her conviction by a jury of first and second degree murder and robbery at Nos. 7204552, 7204554 and 7205880 in the Court of Common Pleas of Allegheny County, Pennsylvania.[1]

    In either 1972 or 1979 Dinkins sought post-conviction relief on the grounds of a defective plea. Her conviction was apparently reversed and she was retried.[2] Following conviction an appeal was filed in the Superior Court at No. 1532 Pittsburgh 1992 alleging inter alia that a juror had read a newspaper account of this matter. This appeal was denied on July 8, 1993 and further relief was subsequently denied.[3]

    She now comes before this Court with an undated petition received on September 12, 2012 and contends she is entitled to relief on the following ground:

---

[1] Although the petitioner has failed to provide the detailed information required for review of her petition and the Pennsylvania Court's website does not go back far enough to gain the information on line, we need not require the petitioner to amend her petition since from the limited information she has provided, it is readily apparent that the petition is time barred.
[2] See: ¶11 of the petition.
[3] See: ¶9 of the petition.

1

> Government failed to meet burden of proof. Counsel ineffectively failed to cite this error. Homicides, both, occurred during attempted robbery. No proof negating degree of murder not exceeding murder – 2nd or 3rd. No proof of malice aforethought required for murder – 1st degree.[4]

Dinkins now contents that this issue was not previously raised in the state courts as "with due diligence, [it was] only discovered recently."[5]

It is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:

(1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

An untimely post-conviction petition is not "properly filed". <u>Pace v. DiGulglielmo</u>, 544 U.S. 408 (2005).

In the instant case the petitioner represents that her appeal to the Superior Court was denied on July 8, 1993. She does not indicate whether further appellate relief was sought. The effective date of the Antiterrorism and Effective Death Penalty Act which imposed the one year statute of limitations is April 24, 1996 and thus it is applicable here. The petitioner did not seek relief here until September 2012 or about nineteen years after her last futile effort in the state courts. Thus, far in excess of the one year period in which to seek relief has expired, and the petition here is time barred unless a basis for equitable tolling of that bar is demonstrated. See:

---

[4] See: ¶12 of the petition.
[5] Id.

2

Holland v. Florida, 130 S.Ct.2549, 2562 (2010)( "A 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way'")(citation omitted). Because no such showing is made here there is no basis for invoking equitable tolling.[6]

Accordingly, the petition of Rose M. Dinkins for a writ of habeas corpus will be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists a certificate of appealability will be denied.

An appropriate Order will be entered.

---

[6] Additionally, we note that even if not time barred, the petitioner also represents that these issues have not been raised in the state courts because of their one year time bar. See: Petition at ¶12(d)(7). Accordingly, they would be procedurally defaulted. Coleman v. Thompson, 501 U.S. 722,750 (1991).

ORDER

AND NOW, this 16th day of October, 2012, for the reasons set forth in the foregoing Memorandum, the petition of Rose M. Dinkins for a writ of habeas corpus is dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability is denied.

s/ Robert C. Mitchell<br>
United States Magistrate Judge